UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS ARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02135-JPH-MG |
| | ) | |
| MATTHEW MYERS, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion to Garnish Trust Account,
Dismissing Complaint, and Providing Opportunity to File Amended Complaint**

Plaintiff Robert Curtis Arney is a prisoner currently incarcerated at the Bartholomew County Jail in Columbus, Indiana. He alleges in this civil action that the defendant fails to provide jail inmates with sufficient cleaning supplies and fails to offer any non-Christian religious programming. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Motion to Garnish Trust Account

Mr. Arney's motion to garnish trust account states that he is unable to pay the initial partial filing fee for this action because the jail will not send money to the Court on his behalf. He asks the Court to garnish his trust account to pay the fee. The motion, dkt. [9], is **granted to the extent** the Court will separately issue a collection order to facilitate payment of the filing fee.

### II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. The Complaint

Mr. Arney alleges that defendant Sheriff Matthew Myers "controls every single aspect" of the Jail, his staff fails to do "proper daily cell inspections," cleaning supplies are not passed out daily, and he has "created a culture of not providing proper cleaning supplies to the inmate population." Dkt.1 at 1. As a result, there is a build-up of black mold and an infestation of bugs in the Jail. Mr. Arney also alleges that the defendant does not offer or allow religions other than Christianity. He seeks monetary damages.

### IV. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, Mr. Arney's claims related to the presence of black mold and bugs in the jail due to the defendant's culture of failing to provide cleaning supplies is **dismissed** for failure to state a claim against Sheriff Myers. His factual allegations are insufficient to create a reasonable inference that Sheriff Myers was personally involved in denying Mr. Arney adequate cleaning products. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983

2

requires personal involvement in the alleged constitutional deprivation.") (cleaned up). The complaint does not allege that Sheriff Myers knew about the mold or bugs or that he was directly responsible for the day-to-day maintenance of the Jail. The allegation that he "controls every single aspect" of the Jail, *see* dkt. 1 at 1, is insufficient to plead a claim under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (wardens are not liable under § 1983 merely by virtue of their supervisory positions); *but cf. Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (warden could be individually liable for prisoner's conditions of confinement claim where he had actual knowledge of unusually harsh weather conditions and had been told that the plaintiff's window would not shut); *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (warden was personally liable for cell conditions where he "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed.").

Furthermore, Mr. Arney does not allege that he has experienced any injury due to the exposure to black mold or bugs. Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." *See Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016) ("[a]lthough § 1997e(e) would bar recovery of compensatory damages for mental and emotional injuries suffered, the [PLRA] is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself") (cleaned up). Mr. Arney makes no claim for punitive damages. Pursuant to the PLRA, his claim for compensatory damages cannot proceed without a physical injury.

Next, plaintiffs alleging that jail officials have violated their religious rights can bring a claim under both the free exercise clause of the First Amendment and RLUIPA. 42 U.S.C.

3

§§ 2000cc et seq.; *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). However, neither RLUIPA nor the First Amendment requires jail officials to purchase religious texts or devotional items for inmates. *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) ("RLUIPA does not require a State to pay for an inmate's devotional accessories"); *see also Henderson v. Frank*, 293 F. App'x 410, 413–14 (7th Cir. 2008) (correctional officials not required to purchase religious texts for Taoist inmate). Mr. Arney's conclusory statement that non-Christian religions are not "allowed, offered, or represented" fails to sufficiently allege whether Mr. Arney's religious exercise has been substantially burdened.

Because the Court has been unable to identify a viable claim for relief, the complaint is subject to dismissal.

## V. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through February 28, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of

the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-02135-JPH-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 2/1/2023

                                                     *James Patrick Hanlon*
                                                     James Patrick Hanlon
                                                     United States District Judge
                                                     Southern District of Indiana

Distribution:

ROBERT CURTIS ARNEY
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Financial Deputy Clerk