UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CURTIS ARNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-cv-02135-JPH-MG |
| MATTHEW MYERS, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff has filed a motion for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two

1

questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff's motion states that he "has made repeated efforts to obtain a lawyer." Dkt. 12 at 1. However, he provides no further detail of how many attorneys he has contacted or their names. He should include that information in any future motion for counsel to avoid a finding that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978.

In addition, the Court notes that it has dismissed Plaintiff's complaint and provided him with a deadline to file an amended complaint. Dkt. 10. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (deciding whether to recruit counsel requires the court to consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). While that statement from *Kadamovas* is not a "bright-line rule[ ]," in this case, Plaintiff has not shown a need for assistance of counsel in amending the complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). Plaintiff's motion

provides no information regarding his ability to file an amended complaint or, if the case continues, to otherwise litigate this case through summary judgment without a lawyer. If he renews his motion, he should include information about his education, literacy skills, prior experience litigating, and any limitations he experiences that might impact his ability to litigate on his own. His motion for assistance with recruiting counsel, dkt. [12], must therefore be **denied without prejudice**.

The **clerk is directed** to send Plaintiff a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion.

**SO ORDERED.**

Date: 2/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT CURTIS ARNEY
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201