UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CURTIS ARNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-02135-JPH-MG ) |
| MATTHEW MYERS, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Curtis Arney filed this lawsuit when he was confined at the Bartholomew County Jail alleging that defendants Chris Lane and Matthew Myers violated his rights to religious freedom by supporting only Christianity and by not allowing him to attend a three-day weekend religious revival held at the Jail. The defendants seek summary judgment, arguing that Mr. Arney failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act (PLRA). Mr. Arney has failed to respond to the motion. For the following reasons, the motion for summary judgment is **granted**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine

1

dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, the defendant has met that burden through his unopposed motion for summary judgment. Plaintiff failed to respond to the summary

judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

The Bartholomew County jail has an inmate grievance procedure. Dkt. 28-1 at 2, 4-6. Grievance forms are available to inmates on the medication cart. *Id.* at 2, 4. A grievance must be submitted within 72 hours of the incident the inmate wishes to grieve. *Id.* Jail administration must respond to a grievance within 30 days. *Id.* at 2, 4. An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.* at 2, 4, 6.

The Jail keeps grievances in a centralized file that is organized by date. *Id.* at 2. A search of grievances from the date of Mr. Arney's arrest, September 20, 2022, to his release on March 15, 2023, shows that Arney submitted 25 grievances, but none of those grievances related to his allegations that the defendants did not permit him to attend the religious revival. *Id.* at 7-32.

## III.
## Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C.

§ 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation omitted). Proper use of the facility's grievance system requires an inmate "to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Moreover, "[b]ecause exhaustion is an affirmative defense, the defendant[] must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015); *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

The undisputed designated evidence shows that Mr. Arney never filed a grievance about the events at issue in this lawsuit. Because it is undisputed that Mr. Arney did not exhaust the grievance process with respect to his claims in this case, the defendant is entitled to summary judgment in his favor.

## IV.
## Conclusion

For the reasons stated above, the defendant's motion for summary judgment, dkt. [32], is **granted**. Mr. Arney's claims are **dismissed without prejudice** for failure to exhaust administrative remedies.

Final Judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/7/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT CURTIS ARNEY
c/o Troy Abbett
515 Cleveland St.
Columbus, IN 47201

All electronically registered counsel